# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S.K. YOUNG, | NO. CV 18-2208-AG(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| PEOPLE OF THE STATE OF CALIFORNIA, ET AL., | |
| Respondents. | |

**INTRODUCTION**

Petitioner, a state prisoner, filed a "Petition for Writ of Error Coram Nobis, etc." ("the Petition") on March 16, 2018. The Petition is substantively identical to the petition Petitioner filed in this Court almost ten years ago. See Young v. Horel, CV 08-4631-AHM(E). By Order and Judgment entered August 28, 2008, this Court denied and dismissed without prejudice the petition in Young v. Horel, CV 08-4631-AHM(E). For essentially the same reasons, which are set forth below, the present Petition should also be denied and dismissed without prejudice.

**BACKGROUND**

The present Petition seeks to challenge the legality of Petitioner's 1993 state court conviction and sentence and Petitioner's 1998 state court conviction and sentence. Petitioner previously challenged these same state court judgments in habeas corpus petitions filed in this Court in 1998 and 2001, respectively. See <u>Young v. Terhune</u>, CV 98-6530-AHM(E) (challenging the 1993 judgment); <u>Young v. Terhune</u>, ED CV 01-474-GLT(E) (challenging the 1998 judgment). In both of these prior cases, this Court entered judgment on the merits, denying and dismissing the prior petitions with prejudice. <u>See</u> Judgment entered October 12, 2005 in action CV 98-6530-AHM(E); Judgment entered November 30, 2001 in action ED CV 01-474-GLT(E).

In a transparent attempt to avoid the bar to "second or successive" federal habeas petitions provided in 28 U.S.C. section 2244(b), Petitioner labels the present Petition as a coram nobis petition, invokes the All Writs Act and also mentions Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner insists that "this is not a petition for writ of habeas corpus" (Petition at p. A).

**DISCUSSION**

This Court lacks jurisdiction over the present Petition, regardless of whether the Petition is construed as a coram nobis petition, a petition under the All Writs Act, a habeas corpus petition or a Rule 60(b) motion.

///

"Coram nobis relief is not available in federal court to attack a state court conviction." Casas-Castrillon v. Warden, 265 Fed. App'x 639 (9th Cir. 2008); accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006), cert. denied, 549 U.S. 1169 (2007) ("district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts"); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Hensley v. Municipal Court, 453 F.2d 1252 n.2 (9th Cir. 1972), reversed on other grounds, 411 U.S. 345 (1973) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court."); Rafus v. United States, 2014 WL 3954871, at *2 (C.D. Cal. Aug. 13, 2014) (same).

In fact, coram nobis relief properly may be sought only from the particular court whose ruling is being challenged. See United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002), cert. denied, 537 U.S. 1178 (2003); Hensley v. Municipal Court, 453 F.2d at 1252 n.2; Strang v. United States, 53 F.2d 820, 821 (5th Cir. 1931); United States v. Hansen, 906 F. Supp. 688, 692 (D.D.C. 1995); see also United States v. Morgan, 346 U.S. 502, 505 n.4 (1954) (coram nobis petition "is a step in the criminal case and not, like habeas corpus where relief is sought in the separate case and record, the beginning of a separate civil proceeding"). The present Petition challenges the rulings of particular California Superior courts. Accordingly, coram nobis relief is unavailable in this federal court.

Petitioner's invocation of the All Writs Act fails to furnish any basis for federal jurisdiction. "[T]he All Writs Act empowers federal courts only to act to preserve their jurisdiction, which jurisdiction must have independent source in the law." Rendall v. Carey, 2002 WL 1346354, at *2 n.3 (N.D. Cal. May 31, 2002) (citing Jackson v. Vasquez, 1 F.3d 885, 888-89 (9th Cir. 1993)). Thus, a federal district court has no jurisdiction under the All Writs Act to entertain a petition for writ of error coram nobis attacking a state conviction. Chavez v. Superior Court, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002); see Rendall v. Carey, 2002 WL 1346354, at *2 n.3 ("the All Writs Act cannot be used as a substitute for habeas corpus").

If, notwithstanding Petitioner's disavowal of any intention to seek habeas relief, the Court were to construe the Petition as a petition for writ of habeas corpus under 28 U.S.C. section 2254, the result would be the same. The Court would lack jurisdiction to entertain the Petition because the Petition would be "second or successive." See 28 U.S.C. § 2244(b); see Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"); see also Rule 9 of Rules Governing Section 2254 Cases in the United States District Courts. A petition need not be repetitive to be "second or

successive," within the meaning of 28 U.S.C. section 2244(b). <u>See, e.g.</u>, <u>Thompson v. Calderon</u>, 151 F.3d 918, 920-21 (9th Cir.), <u>cert. denied</u>, 524 U.S. 965 (1998); <u>Calbert v. Marshall</u>, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).

According to the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database, no individual named Zuri Young has obtained an order from the Ninth Circuit permitting the filing of a successive habeas petition in this Court. <u>See</u> <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). Therefore, a recharacterization of the Petition as a habeas petition would not give this Court jurisdiction.

Jurisdiction is also unavailable under Rule 60(b). "While Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by the United States District Court, it cannot be used to relieve Petitioner of an order, judgment or proceeding issued by a state court. . . ." <u>Smalling v. State of Arizona</u>, 2009 WL 2177318, at *2 (D. Ariz. July 21, 2009); <u>see</u> <u>Washington-Baltimore Newspaper Guild v. Washington Post Co.</u>, 442 F.2d 1234, 1239 (D.C. Cir. 1971) ("neither Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts"); <u>see generally</u> Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature . . .").
///
///

If this Court were to construe the present Petition as a Rule 60(b) motion seeking to reopen the judgments in actions CV 98-6530-AHM(E) and ED CV 01-474-GLT(E), this Court would still lack jurisdiction to proceed. When a purported Rule 60(b) motion contains substantive claims for relief, rather than an attack on the integrity of the prior federal habeas proceeding, the Court must treat the motion as a successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). The present Petition contains several substantive claims for relief. Hence, this Court cannot treat the present Petition as a Rule 60(b) motion, because the Petition then would have to be construed as a "successive" habeas petition, which, again, this Court could not entertain without authorization from the Ninth Circuit. See id.; 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. at 157.

Finally, to the extent the present Petition may also argue the existence of some "defect in the integrity of the federal habeas proceedings," the argument must be rejected as unsupported and insupportable. No such defect existed. See "Report and Recommendation of United States Magistrate Judge," filed February 16, 2005, and adopted by Order and Judgment entered October 12, 2005, in action CV 98-6530-AHM(E); "Report and Recommendation of United States

///
///
///
///
///
///

Magistrate Judge," filed October 10, 2001, and adopted by Order and Judgment entered November 30, 2001, in action ED CV 01-474-GLT(E).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 31, 2018.

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

PRESENTED this 22nd day
of March, 2018, by:

　　　　　/s/
　　CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE